UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | : | |
|---|---|---|
| STANLEY PULTYNOVICH | : | |
| 148 Vermont Drive | : | |
| Kulpmont, PA 17834 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| WAL-MART STORES EAST, LP. | : | |
| 390 High Ridge Park Road | : | |
| Pottsville, PA 17901 | : | |
| | : | |
| Defendant | : | |

_____

CIVIL ACTION COMPLAINT

And now Plaintiff, Stanley Pultynovich, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955 *et esq.*, have been violated and avers as follows:

PARTIES

A. The Plaintiff

1.      Plaintiff, Stanley Pultynovich ("Plaintiff") is an adult individual residing in Northumberland County at 148 Vermont Drive, Kulpmont, PA 17834.

B. The Defendant

2.      Defendant, Wal-Mart Stores East, LP., ("Defendant") is an Arkansas-based business entity that owns and operates Distribution Center #7030 located at 390 High Ridge Park Road, Pottsville, PA 17901.

1

3. Defendant was Plaintiff's employer from April 10 2006 until his unlawful termination on or about August 14, 2020.

4. At all times, Defendant met the definition of "employer" under the ADA, the FMLA, and the PHRA.

## JURISDICTION AND VENUE

5. This Complaint alleges retaliation and discrimination on the basis Plaintiff's disabiluty status, in violation of the Americans with Disability Act, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"); interference and retaliation with Plaintiff's rights in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"); and pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. ("PHRA").

6. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

8. Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Plaintiff's claims arising under the Pennsylvania Human Rights Act ("PHRA").

9. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

10. On January 4, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No.

530-2021-01300, alleging discrimination, retaliation and wrongful discharge from his employment due to the actions of Defendant, and dual filed with the Pennsylvania Human Relations Commission ("PHRC").

11. Plaintiff has been advised of his individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated July 27, 2021 (attached as "Exhibit A").

12. Plaintiff has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## OPERATIVE FACTS

13. Defendant hired Plaintiff to work as a Fixed Loss Prevention Associate on April 10, 2006 at Distribution Center #7030.

14. As a Fixed Loss Prevention Associate, Plaintiff was responsible for moving dozens of trucks in-and-out of Distribution Center #7030 on a daily basis.

15. At all times Plaintiff provided commendable service to Defendant. Due to his consummate work performance, Defendant provided Plaintiff with multiple pay increases throughout the pendency of his employment.

16. Plaintiff is also disabled with anxiety and depression.

17. On account of his disabilities, Plaintiff periodically missed work so that he could seek treatment from a medical health provider.

18. Plaintiff's immediate supervisor, Operations Manager Elsa Hernandez, frequently complained about Plaintiff missing work whenever he utilized medical leave time.

19. Plaintiff took medical leave, in accordance with Defendant's FMLA policy, from June 23, 2020 through July 21, 2020, in order to care for his anxiety and depression.

3

20. During his absence, Hernandez complained about Plaintiff's absence and indicated that Distribution Center #7030 required as many employees as possible to be present as it was "all hands on deck."

21. On August 14, 2020 Plaintiff attended a meeting with Hernandez and Human Resources representative Stacy Lavas. During this meeting, Hernandez accused Plaintiff of inputting the wrong status code for an outbound tracker trailer on July 29, 2020.

22. As an Asset Protection Association, Plaintiff was responsible for input the status code for dozens of trucks on a daily basis.

23. Hernandez told Plaintiff that because of this single incident, Defendant was terminating his employment.

24. Plaintiff explained that this issue was not ordinarily a cause of termination and that this sort of "miscoding" was a common occurrence and asked to speak with Distribution Center #7030's Interim General Manager, Don Welch.

25. Lavas instructed Plaintiff to wait in his car. Plaintiff complied with Luvas's instruction.

26. As Plaintiff waited in his car, Plaintiff was approached by a coworker. This coworker informed Plaintiff that he was not permitted back into Distribution Center #7030 because Hernandez accused Plaintiff of acting aggressively towards her.

27. Shortly afterwards, Welch called Plaintiff and informed Plaintiff that he stood by Hernandez's decision to terminate his employment.

28. Defendant's explanation for Plaintiff's termination is pretext.

29. Thus Defendant's purported reason for Plaintiff's termination is pretextual because (1) Defendant did not follow its progressive discipline policy in terminating Plaintiff;

(2) Defendant gave inconsistent explanations for Plaintiff's termination; (3) Plaintiff was terminated in close proximity to Plaintiff's utilization of medical leave.

## CAUSES OF ACTION

### COUNT I
### AMERICANS WITH DISABILITIES ACT
### DISPARATE TREATMENT

30. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

31. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

32. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

33. Based on the foregoing, Plaintiff alleges that Defendant violated the ADA by terminating his employment due to actual disability, record of a disability, and/or perceived disability.

34. Defendant's conduct in terminating Plaintiff is an adverse action, was taken because of his actual and/or perceived disability and/or record of a disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

35. Defendant's conduct caused Plaintiff to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

36. Defendant prays that Defendant be required to provide all appropriate remedies available under the ADA.

37. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

38. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Plaintiff demands attorneys fees and court costs.

**COUNT II**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**
**INTERFERENCE**

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, *et seq*.

41. Plaintiff was qualified to take FMLA leave as he had been employed by Defendant for at least 12 months, and had at least 1,250 hours of service during the previous 12-month period.

42. Plaintiff had a "serious health condition" that required "continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

43. At all times Defendant knew, or should have known, of Plaintiff's need for FMLA leave in order to care for his serious medical condition.

44. As described above, Defendant interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise his rights under the Family and Medical Leave Act.

45. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

6

opportunity, loss of future wages, loss of front pay, and loss of back pay, and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

46. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands liquidated damages.

47. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq* Plaintiff demands attorney's fees and court costs.

## COUNT III
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## RETALIATION

48. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

49. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C) Plaintiff was eligible for Family and Medical Leave Act Leave.

50. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave medical leave due to his serious medical condition.

51. Plaintiff gave Defendant sufficient information to allow them to understand that he needed leave for FMLA-qualifying reasons.

52. Nonetheless, Defendant terminated Plaintiff before Plaintiff could utilize his full entitlement to FMLA leave.

53. Defendant's motivation for terminating Plaintiff was causally connected to Plaintiff's request for medical leave under FMLA-qualifying reasons.

54. Defendant acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

7

55. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

56. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

57. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**COUNT IV**
**VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT**

58. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

59. Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his disabilities.

60.     Defendant's conduct caused Plaintiff to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

61.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff demands attorneys' fees and court costs.

WHEREFORE, Plaintiff Stanley Pultynovich demands judgment in his favor and against Defendant in an amount in excess of $150,000.00 together with:

A. Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which he may be entitled.

B. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C. Punitive damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

                      LAW OFFICES OF ERIC A. SHORE, P.C.

BY:        <u>/s/ Brian M. Doyle (PA Id. 319475)</u>
            BRIAN M. DOYLE, ESQ.
            Two Penn Center
            1500 JFK Boulevard, Suite 1240
            Philadelphia, PA 19102
            *Attorney for Plaintiff*

Date:  9/8/2021

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S **§** 4904, relating to unsworn falsification to authorities.

09/07/2021
_____
Date

Stanley Pultynovich

# EXHIBIT A

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Stanley Pultynovich<br>409 East Center Street<br>Mount Carmel, PA 17851 | **From:** Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-01300 | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter*           **7/27/2021**

Enclosures(s)     Dana R. Hutter,           *(Date Issued)*
                     Deputy Director

cc:
| | |
|---|---|
| Liz Bonucci<br>WALMART<br>2301 MCGEE ST; STE 800<br>Kansas City, MO 64108 | Brian M. Doyle, Esq.<br>2 Penn Center, Suite 1240<br>1500 JFK Boulevard<br>Philadelphia, PA |

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.